**JINGJING SUN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–71271.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.*

Filed June 9, 2011.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Dalin Holyoak, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jingjing Sun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Soto–Olarte v. Holder,* 555 F.3d 1089, 1091 (9th Cir.2009), and we grant the petition for review and remand.

Substantial evidence does not support the BIA's adverse credibility determination because the discrepancy between Sun's testimony and her 2003 medical certificate was attributable to a clerical error. *See Shah v. INS,* 220 F.3d 1062, 1068 (9th Cir.2000) (discrepancies capable of being attributed to typographical or clerical error cannot form the basis of an adverse credibility determination). Also, the record does not support the BIA's finding that Sun's explanations for the discrepancy were inconsistent. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) ("[A] general response to questioning, followed by a more specific, consistent response to further questioning is not a cogent reason for supporting a negative credibility finding."). Accordingly, we remand for the agency to reconsider Sun's withholding of removal and CAT claims on an open record. *See Soto–Olarte,* 555 F.3d at 1095. In addition, because the BIA appears to reject Sun's excuse for her untimely asylum application based in part on a lack of credible evidence, we also remand Sun's asylum claim for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.